# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No.: 1:22cv22394

ABDIEL MUNOZ MESA,
An Individual,

    Plaintiff,

v.

WORLD OMNI FINANCIAL CORP
d/b/a SOUTHEAST TOYOTA FINANCE
A Florida Corporation

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ABDIEL MUNOZ MESA, brings this action against SOUTHEAST TOYOTA FINANCE, LLC., a Florida limited liability company, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this

district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Miami-Dade County, Florida.

4. Defendant is a Florida corporation with principal offices in Broward County, FL.

## FACTUAL ALLEGATIONS

5. In October of 2018, Defendant leased a new 2018 TOYOTA 4RUNNER ("Vehicle") to Plaintiff.

6. The Vehicle was leased under Defendant's Closed-End Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the Lease term: "You have an option to purchase the Vehicle at the end of the Lease Term for an amount equal to the amount set forth in Section 10 above and a purchase option fee of $350.00, plus official fees and taxes" *Id*. ¶ 23.

8. Line 10 of the lease indicates the residual value of the Vehicle to be $29,190.00 making the total purchase option amount to be $29,540 ("Purchase Option Amount").

9. At the end of the lease term, Plaintiff contacted Southeast Toyota Finance ("Toyota"), which was assigned the Lease, and asked about the process to

buy the Vehicle.

10. Toyota directed Plaintiff to buy the Vehicle through Southdade Dealership LLC d/b/a South Dade Toyota ("South Dade Toyota").

11. In February of 2022, Plaintiff visited South Dade Toyota to exercise the purchase option.

12. To buy the Vehicle, South Dade Toyota charged Plaintiff a $899.00 "Predelivery Service Charge" and $595.00 "Electronic Filing Fee." Said fees are not official fees.

13. These fees were never disclosed in the Lease by the Defendant.

14. In addition, South Dade Toyota charged Plaintiff $31,752 to purchase the Vehicle- $2,212 more than the disclosure Purchase Option Amount.

15. In total, Plaintiff was charged $3,706 more than the Purchase Option Amount in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

16. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

17. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

18. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

19. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

20. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

21. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

22. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

23. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

24. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of the a $899.00 "Predelivery Service Charge" and $595.00 "Electronic Filing Fee" was required to exercise the purchase option at the end of the lease.

25. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $3,706 more than the purchase option price was required to exercise the purchase option at the end of the lease.

26. Defendant violated 12 CFR § 1013.3(a) because the purchase option

price was unclear, inaccurate, and incomplete.

27. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

28. Plaintiff suffered financial loss in that Plaintiff paid $3,706 more than what the Lease required to buy the Vehicle.

29. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

30. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

31. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease

agreement; and

    F.    Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

JOSHUA FEYGIN, PLLC
1930 Harrison Street
Suite 208 F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
Email: Josh@JFeyginesq.com

BY:     /s/
    JOSHUA FEYGIN, ESQ.
    FLORIDA BAR NO.: 124685